# KAUFMAN DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.283.8703
Facsimile: 516.884.6519

www.kaufmandolowich.com

**Eric Stern, Esq.**
**Partner**
**Email: estern@KaufmanDolowich.com**

September 11, 2024

**VIA ECF**
Judge P. Kevin Castel
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, New York 10007

> Re: ***Peleus Insurance Company v. Southwest Marine and General Insurance Company and Alfredo Rojas Escobar***
> **SDNY Civil Case No.: 1:24-cv-00954-PKC**

Dear Judge Castel:

    Our firm represents Defendant Southwest Marine and General Insurance Company, ("Defendant") in the above action. We are writing to respectfully request a pre-motion discovery conference to discuss appropriate motion and relief based on the non-party's failure to respond.

    Defendant served non-party subpoenas on Peleus Insurance Company's ("Plaintiff") insured 204-210 Elizabeth Street LLC ("Elizabeth") to submit documents, information or objects and to testify at deposition in a civil action with return dates of September 5, 2024 and September 9, 2024, respectively. We have attached the corresponding affidavits of service hereto as Exhibit A. As of the writing of this letter, we have not received any response to our subpoenas. We have reached out to Elizabeth via phone and email and have not received a response. We are cc'ing Elizabeth on this letter at the email address we were provided on our last call.

    We served the non-party subpoenas because in its complaint, Plaintiff seeks additional insured coverage under a Commercial General liability Policy, bearing Policy No. GL202200013093, issued by Defendant to its named insured Hudson Meridian Construction Group ("Hudson") (the "Southwest Policy"). A copy of the policy is attached hereto as Exhibit B. The Southwest Policy contains an additional insured endorsement, which provides additional insured coverage to "[a]ny person or organization whom you are required to include as an additional insured on this policy under **a written contract or written agreement**; but the written contract or written agreement must be: 1. Currently in effect or becoming effective during the term of this policy; and 2. Executed prior to the 'occurrence.'" (See Ex. B; emphasis added).

    Plaintiff contends that its insured, Elizabeth, qualifies as an additional insured under the Southwest Policy due to a contract purportedly entered between Elizabeth and Hudson (the

"Purported Contract"). (See Dkt.4). It is alleged that in the Purported Contract "Hudson agreed to procure insurance on behalf of Elizabeth, and to name Elizabeth as an Additional Insured on a primary and non-contributory basis on its own insurance policy with [Defendant]." (See Dkt. 4). Plaintiff alleges that in light of the Purported Contract, Elizabeth qualifies as an additional insured on the Southwest Policy and Defendant has a duty to indemnify Elizabth on a primary and non-contributory basis in connection with a complaint styled *Alfredo Rojas Escobar v. 204- 210 Elizabeth Street LLC and Hudson Meridian Construction Group LLC*; Supreme Court, Bronx County: 80220/2023E. (See Dkt. 4).

Based on the foregoing, Plaintiff's causes of action are contingent, in part, on the existence, contents and enforceability of the Purported Contract. However, neither Plaintiff nor Defendant are parties to the Purported Contract. To that end, the documents produced by Plaintiff to date are insufficient and have only created further confusion. Plaintiff produced multiple different versions of the 'contract.' Because Elizabeth is a party to the Purported Contract, likely the drafter of the Purported Contract, and the real party in interest to the Purported Contract, it is the lone party able to give full and accurate discovery regarding the Purported Contract, and all documents surrounding its formation, execution, and performance to support Plaintiff's action.

Because Plaintiff will need the Purported Contract to satisfy its burdens of proof in this action, presumably Plaintiff will rely on testimony or other materials from its insured-Elizabeth at the time of motion or trial. Accordingly, Defendant needs and is entitled to full discovery from Elizabeth.

Based on the foregoing, and in light of the non-party's failure to respond, Defendant requests the conference to seek relief from the Court. Further, due to the need for motion practice to complete fact discovery, the parties will not be able to meet the current deadline for the completion of fact discovery, which was scheduled for September 20, 2024. We request an adjournment of the date for completion of discovery until this issue can be resolved. This is our first such request for adjournment.

We thank the Court for its attention to this matter and its considerations in this regard.

KAUFMAN DOLOWICH LLP

By: /s/ Eric Stern
Eric Stern, Esq.
Attorneys for Defendant
Southwest Marine and General Insurance Company
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 283-8703

cc:     All Counsel of Record (via ECF)
        tina@swmanagement.com  (without exhibits)

    Defendant submits neither the subpoena nor does its letter reflect service on the subpoenaed party or its counsel.  Defendant may move to compel within 7 days of this Order.
    Fact discovery (paragraph 5 of CMP/SO, ECF 21) is extended to December 20, 2024.  October 18, 2024 conference is adjourned to January 13, 2025 at 10:30 a.m.
Dial-In No.:  1-888-363-4749, Access Code:  3667981.
    Next time comply with 1.A.iii of the Individual Practices.
SO ORDERED.
Dated:  9/18/2024

P. Kevin Castel
United States District Judge